By the Court.— Ingraham, J.
—This is an action brought to recover the sum of $4,254.66, from the defendant as one of the sureties on a bond given under and in *216 pursuance of several orders of this court made in an action wherein Abraham B. Clark was plaintiff, and Abraham Binninger was defendant, and conditioned that one of the obligors, Thomas J. Barr, who had been appointed receiver .of all debts, property and effects .of the copartnership existing between the said Clark and Binninger should “ duly account for what he had received or had in charge as co-receiver, or for >what he shall have in charge as sole receiver in said action, and shall pay and apply the same as he may from time to time be directed or ordered by said' court, and shall faithfully discharge the duties of his trust as such receiver. The bond was joint and several, and was executed by the principal, Barr and by Henry Smith and the defendant, as sureties. Henry Smith died before the commencement of this action. The bond provides that the obligors are held, etc., unto James M. Sweeney, clerk of the superior court as aforesaid, for which payment, etc., The bond then recites an order of this court in an action therein pending, made March 27, 1869, whereby Thomas J. Barr, one of the obligors, was appointed an additional or co-receiver with one Daniel H. Hanrahan, receiver of the property of the copartnership existing between Clark and Binninger ; and-also an order made April 12, 1870, requiring Hanrahan as receiver and Barr as co-receiver to execute new bonds in the penalty of $250,000, for the faithful discharge-of their duties as receivers, and providing that in case one of them should fail to give such security, that the other of them who had given- such security should be the sole receiver under the orginal order appointing such receiver, and further reciting that said Hanrahan having failed to give such new bonds, that by an order of the court made April 27, 1870, the said Hanrahan was removed as receiver; and which order directed that the said Bar^, if he should comply with the said order of April 12, 1870, should be continued as receiver; and which bond recited another order dated April 30, 1870, reducing the penalty of the bond to be given to $100,000,
On the trial, the plaintiff introduced in evidence the *217 bond duly approved as to the form, manner of execution, and sufficiency of securities, by one of the judges of this court; then an order of the special term of this court, made on motion to said Barr and after hearing counsel on his behalf, dated April 16, 1877, which ordered and adjudged that plaintiff in this action on June 14, 1870, had a lien upon the property, estate and effects in the possession of the said Barr as receiver, to the extent of $5,237.80 ; that said Titus is entitled to be paid said sum of $5,237.80, out of said property, etc., by said Barr, receiver ; and that said Thomas J. Barr, receiver as aforesaid, do pay out of said property, estate and effects referred to, and he was thereby directed to pay to said Titus said sum of $5,237.80, with interest thereon from August 22, 1876, within ten days after the service of a copy of the order. Plaintiff then introduced an order in the said action dated August 7, 1877, reciting the foregoing order, the granting of an order to show cause why the said Barr should not be punished for contempt in refusing to obey the said order of April 16, 1877, and that the said Barr had been heard, and it ordered and adjudged that said Barr had been and was guilty of a contempt in having willfully disobeyed the said order of April 16, 1877, by refusing to pay plaintiff in this action the said sum of $5,237.80, with interest from August 22, 1876, less the sum of $1,250, paid on account thereof, ydnch reduced the sum ordered to be paid on account there of to $4,254.06, and further, committed said Barr for contempt, until such amount should be paid; and also an order dated February 18, 1878, authorizing plaintiff to commence an action on the bond. Plaintiff then testified that there was due him the said sum of $4,254.06, with interest from May 17, 1877.
The court directed a verdict for the plaintiff.
The first objection taken by defendant is that the bond is within the prohibition of the statute that provides that no sheriff or other officer shall take any bond, obligation or security, by color of his office, in any other case or manner except such as are provided by law, such other bond, etc., *218 taken otherwise shall be void (3 Rev. Stat. c. 448, § 49, 6 ed).
It is very evident that the bond in question does not come within the provisions of this statute. The bond was not one taken by a sheriff or other officer, but was given in pursuance of a judgment or order of a court of equity, as security for the faithful performance of the duty of an officer of the court. The power to require such a bond the court has always possessed and exercised, and a bond given ‘ in pursuance of its direction becomes one given in pursuance of law. It was held in Gerould v. Wilson (81 N. Y. 578), that the statute does not apply to a bond taken in such a case, and all of the cases cited by counsel for the appellant apply to officers who are specially directed by statute to take bonds for their own good and safety, and under certain conditions, and they hold that a bond taken by such an officer that does not follow closely the statutory requirements is void. It is evident that such authorities do not apply to a bond given in pursuance of an order or judgment of a court of competent jurisdiction, as a portion of the machinery by which it is enabled to carry into effect its judgment. No provision of law has been cited that restricts this power of the court, and the approval of the bond by one of the judges of the court, adopts it as a compliance with the order. ^
But a more serious question is presented by the objections taken by the appellant that the bond is an obligation to James M. Sweeney personally, it not being taken to him as clerk of the court, and the penal sum is to be paid to “ said James M. Sweeney, clerk of the superior court,” and as no assignment by him or bis representatives was proved on the trial, plaintiff had no right of action in the bond.
The principal case relied on by the appellant on the argument was the case of Sutherland v. Carr (85 N. Y. 105). That was an action on a bond given to secure the faithful discharge of the duties of one Marshall, elected supervisor oí the town of White Plains, to a Jackson Hyatt, town clerk of said town, “ to be paid to said town clerk, or his *219 successors in office,” and the objection was taken in that case that the bond was one to Hyatt individually, and not officially as town clerk, and that the addition of the words “town clerk” to his name was a mere “descriptio persones.” The court, however, held that the rule that where a jjarty to a written instrument is described as executor, administrator or assignee, without introducing any words to show that he intends to act in such capacity, that such phrase is a mere description of the person, “is not so rigid a rule as not to yield to the evident purpose of the instrument; and if there can be plainly gathered from the whole of it that a particular character or capacity is- to be attached to the person named, he will be deemed to hold it in his relation to the transaction. If in a pleading the promise or other obligation or the duties are alleged as those of or to the body that the person named represents, the pleading is looked upon as one for or against that body, “ so it must be with an instrument in writing.”
This being the rule, its application to the bond in question is not difficult. It will be noticed that no words are used to show that the obligee’s representatives are to succeed to his rights; the money is to be paid to the “said James M. Sweeney, clerk of the superior court, aforesaid.” The bond then recites the object for which the bond was given. It shows on its face that there was no obligation to James M. Sweeney individually, but that it was given in pursuance of several orders of the court requiring the receiver, before appointed, to give security for the faithful discharge of his duties as such receiver, and the condition of the obligation is not that any act should be done to or by James M. Sweeney, but that the receiver should perform the duties to which he had been appointed by the court, of which the obligee was in the instrument named as clerk.
Taking the whole instrument together, it must be apparent that the evident purpose and object of the bond was to secure to the parties interested in the trust the faithful discharge of the duties of the receiver, and that it *220 was the clerk of the court who was the obligee, and not ' James M. Sweeney, the individual in his own right.
When this action was commenced, viz., September, 1878, section 814 of the Code of Civil Procedure was in force, and an order granting plaintiff leave to bring the action was all that was necessary to give p'aintiff the right to sue. The bond having been a valid bond, and having been made to the clerk of the court, the recitals in the bonds of the pendency of the action in which the receiver was appointed, and the regularity of the appointment, were at any rate prima facie evidence of the facts therein recited.
The only other question that requires attention is, ■whether the order of the court directing the receiver to pay and adjudging him guilty of contempt is sufficient to sustain the action, without proof that there was sufficient funds in the receiver’s hands, the property of the copartnership, to pay the amount due plaintiff.
It will be noticed that the conditions of the obligation are not only that the receiver will faithfully discharge the duties of the trust, but “that he will pay and apply the same (viz., what he had theretofore received as co-receiver, or what he shall receive or have in charge as such sole receiver) as he may from time to time be directed by the court.”
In Scofield v. Churchill (72 N. Y. 565), the bond was one given by an executor, and was conditioned that the executor should faithfully execute the trust reposed in him as executor, and also obey all orders of the surrogate, etc. And it was held that if the surrogate makes an order that the executor pay over money to a legatee, which the executor fails to do, a breach of the conditions has occurred within the letter of the bond, and the positive undertaking of the sureties had become fixed and operative by the surrogate’s decree, and in the absence of fraud- or collusion, the decree of the surrogate is conclusive upon the sureties.
The conditions here are that the receiver shall account for what he has received and for what he shall receive, and shall pay the same by order of the court. The orders on *221 notice to tlie receiver adjudge that he shall pay to plaintiff a portion of what he has received, and subsequently adjudge that he has not obeyed the order and was in contempt. The orders were all made on notice to the receiver and after he had been heard. I think they were conclusive upon the principal and sureties alike, and that the principal having failed to obey the order to pay, the conditions were broken and the obligation was in full force and effect. There can be no doubt of the power of the court to make the order directing its officer to pay property in his possession, and when such an order, is made and the principal refuses to pay, he has not only disobeyed the order, but has failed to faithfully execute the trust, and then there has been a twofold breach of the condition of the bond (Gerould v. Wilson, 81 N. Y. 578).
The order of April 16, 1877, adjudged that plaintiff had a lien on the property of said firm in the hands of said Barr, receiver, and orders the said Barr, as such receiver, to pay the said sum. That being an adjudication that said Ban-had property of the copartnership in his hand and ordering him to pay, it is conclusive against the receiver, and the sureties on the bond having made themselves privy to the proceedings against their principal, are, without fraud or collusion concluded when their principal is concluded (Gerould v. Wilson, supra).
I am of the opinion that the judgment appealed from was right and should be affirmed with costs.
Sedgwick, Ch. J., and O’Gorman, J., concurred.